**NOT RECOMMENDED FOR PUBLICATION**
File Name: 11a0176n.06

No. 09-2602

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
**Mar 23, 2011**
LEONARD GREEN, Clerk

| | | |
|---|---|---|
| PATRICIA KONDRATOWICZ, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ON APPEAL** FROM THE UNITED |
| NORTHWEST AIRLINES, INC. and | ) | STATES DISTRICT COURT FOR THE |
| NORTHWEST AIRLINES, INC. | ) | EASTERN DISTRICT OF MICHIGAN |
| RETIREMENT PLAN FOR UNION | ) | |
| REPRESENTED EMPLOYEES, | ) | |
| | ) | |
| Defendants-Appellees. | ) | |

BEFORE:     KEITH, MERRITT, and MARTIN, Circuit Judges.

**MERRITT, Circuit Judge.**  In this ERISA case, Patricia Kondratowicz argues that she is entitled to disability retirement benefits under her pension plan with her former employer, Northwest Airlines, Inc.  The plan requires both "total" and "permanent" disability; that is, in order for Kondratowicz to qualify, she must suffer from a disability that permanently prevents her from being able to perform any job at Northwest.  None of the five medical experts who assessed Kondratowicz found her to meet both requirements.  Accordingly, the decision to deny her benefits was proper. We **AFFIRM** the district court's grant of summary judgment to Northwest.

**I.**

Kondratowicz, a former customer-service agent for Northwest, is a participant in the Northwest Airlines Pension Plan for Contract Employees, which Northwest administers. After she stopped working for Northwest, she filed an application for disability retirement benefits; her stated bases for her disability were mental disorder, depression, anxiety, stress, chronic neck and back pain, and a bulging disc. The plan defines "disability" as the "total and permanent disability which renders the Participant incapable of any employment with [Northwest]."

Northwest forwarded Kondratowicz's application to America's IME, a company that assists Northwest with processing disability benefits. Dr. Thomas Gratzer, a practicing psychiatrist, reviewed Kondratowicz's medical records but did not examine her in person. Dr. Gratzer issued a report concluding that Kondratowicz's psychiatric condition did not cause her to be either totally or permanently disabled. After reviewing both Dr. Gratzer's report and Kondratowicz's claim, Northwest denied Kondratowicz's application for disability retirement benefits.

Kondratowicz instituted an administrative appeal. America's IME gave Kondratowicz and Northwest the resumes of three physicians and two psychologists so that they could select one physician to assess Kondratowicz's claim of physical disability and one psychologist to assess her claim of psychological disability. Dr. Joseph Salama, whom the parties selected as the physician, personally examined Kondratowicz and reviewed 167 pages of her medical history. Dr. Salama concluded that Kondratowicz was neither totally nor permanently disabled, and that she could perform a job "that requires no excessive bending or twisting, and no lifting more than 30 pounds repetitively." For the psychologist, the parties chose Dr. Kenneth Podell. Dr. Podell personally

examined Kondratowicz and issued a twelve-page report. Although Dr. Podell concluded that Kondratowicz was *totally* disabled—her "stress and anxiety at work" would prevent her "from any type of gainful employment with Northwest"—Dr. Podell also concluded that Kondratowicz was not *permanently* disabled. "[W]ith the appropriate treatment," Dr. Podell opined, "she will be able to return to gainful employment." Northwest received both Dr. Salama's and Dr. Podell's reports, which effectively denied Kondratowicz's application for disability retirement benefits.

Kondratowicz filed suit in federal district court. She argued that the records of her own two treating physicians, who examined her before she applied for disability benefits, demonstrated her total and permanent disability. One of those treating physicians was Dr. Linda Balogh, who diagnosed Kondratowicz with anxiety, chronic neck pain, and tension headaches, among other things. Dr. Balogh prescribed several medications and gave Kondratowicz a note for work suggesting that she lift nothing heavier than twenty-five pounds. Kondratowicz's other treating physician, Dr. William Penn, reported that the MRI of Kondratowicz's spine supported her complaints of pain in her neck and lower back. Dr. Penn opined that "Ms. Kondratowicz remains disabled" and that "[her] prognosis for the future appears guarded at best." But his only specific recommendation was that Kondratowicz "should not be returned to her previous employment wherein she was required to lift up to 70 pounds of freight and baggage."

Northwest moved for summary judgment, which the district court granted after the magistrate judge so recommended. Kondratowicz now appeals.

**II.**

The ERISA laws permit a plan participant to bring a civil action "to recover benefits due to [her] under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). For Kondratowicz to be entitled to disability retirement benefits under her plan, she must satisfy her plan's definition of "disability"—that is, "total and permanent disability which renders [her] incapable of any employment with [Northwest]." Accordingly, in order for Kondratowicz to survive summary judgment, there must be a genuine dispute of material fact regarding whether Kondratowicz is both totally and permanently disabled. *See* Fed. R. Civ. P. 56(a).

No such genuine dispute exists in this case.[1] As Kondratowicz conceded at oral argument, none of the five medical experts in the record opined that Kondratowicz was both totally and permanently disabled. Both Dr. Gratzer and Dr. Salama expressly concluded that Kondratowicz was neither totally nor permanently disabled. Dr. Podell concluded that Kondratowicz's stress and anxiety rendered her totally disabled, but he expressly opined that her disability was treatable rather than permanent. Dr. Balogh did not opine as to whether Kondratowicz was totally or permanently

---

[1]Kondratowicz's appeal fails under any standard of review, so we need not decide what degree of deference is due where, as here, the administrative benefits determination was made by independent medical experts to whom binding decisionmaking authority was delegated from the plan administrator under the plan, rather than by the plan administrator itself. *Compare Moos v. Square D Co.*, 72 F.3d 39, 41 (6th Cir. 1995) (holding that the benefits decision made by an ERISA plan administrator must be reviewed under the arbitrary-and-capricious standard when the plan expressly grants the plan administrator discretionary authority to determine eligibility for benefits), *and Solomon v. Med. Mut. of Ohio*, No. 09-4152, 2011 WL 13907, at *3 (6th Cir. Jan. 4, 2011) (unpublished opinion) (same, even when an independent medical expert's opinion is an integral component of the benefits determination, so long as the plan's procedures permit the opinion and the plan retains final decisionmaking authority), *with Shelby Cnty. Health Care Corp. v. Majestic Star Casino*, 581 F.3d 355, 365 (6th Cir. 2009) (holding that a benefits decision made by an unauthorized third party must be reviewed de novo).

disabled, but Dr. Balogh concluded that Kondratowicz could perform any jobs that did not require lifting more than twenty-five pounds. Similarly, although Dr. Penn stated without elaboration that Kondratowicz "remain[ed] disabled," his one recommendation was that Kondratowicz should not lift more than seventy pounds. Assuming that Northwest has many jobs that do not require heavy lifting, Dr. Balogh's and Dr. Penn's opinions imply that Kondratowicz's disability was not total.

Kondratowicz makes much of the fact that Dr. Salama only opined on her health as of June 15, 2006, the date on which he examined her, rather than July 24, 2003, the date on which she had to be disabled to recover under the plan. Dr. Salama's refusal to project his opinion backward in time, Kondratowicz argues, prevents his opinion from being "final and conclusive." However, if Dr. Salama believed that Kondratowicz was not permanently disabled in June 2006, then he could not have believed that Kondratowicz was permanently disabled at any time earlier, including in July 2003. Dr. Salama's opinion on the permanency of Kondratowicz's condition is no less conclusive because he opined on Kondratowicz's health as of June 2006 rather than as of July 2003.

Relatedly, Kondratowicz contends that a series of emails between Christina Wolf (the plan administrator) and Sherry Stimson (a representative of America's IME) indicates that the plan administrator "breached her duty owed to [Kondratowicz] to protect [Kondratowicz's] rights under the plan." In these emails, Ms. Wolf requested that Dr. Salama complete an addendum opining on Kondratowicz's health as of July 2003. A review of the emails makes clear that no impropriety or breach of duty occurred. By requesting Dr. Salama to opine on Kondratowicz's health as of the relevant date under the plan, Ms. Wolf was acting to protect Kondratowicz's interests, not to breach

the duty she owed to them. Moreover, there is no indication in the record that Ms. Wolf, or any other Northwest employee, attempted to improperly influence the administrative appeals process.

In a final effort, Kondratowicz argues that the plan requires the medical expert for administrative appeals to be a "doctor of medicine," and that Dr. Podell (one of the two medical experts who reviewed Kondratowicz for her administrative appeal) was a Ph.D. psychologist rather than a physician. Assuming that the plan indeed contemplated a physician rather than anyone with a doctoral degree in a medical field, any technical error here was de minimis. The administrative appeal provided Kondratowicz with two medical experts: a physician to assess her physical pains, and a psychologist to assess her psychological ones. So Kondratowicz was reviewed by one physician during the administrative appeal. Moreover, Kondratowicz agreed to be examined by Dr. Podell, the psychologist, despite full knowledge of his credentials at the time.

### III.

In conclusion, none of the five medical experts in the record found Kondratowicz to be totally and permanently disabled, as she must be in order to recover under her plan. There is no genuine dispute of material fact on an essential element of her case, so Northwest is entitled to judgment as a matter of law. This result obtains regardless of the proper standard of review for the administrative decision to deny benefits or any de minimis flaws that may have occurred during the administrative process. We **AFFIRM** the district court's grant of summary judgment for Northwest Airlines.